# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, | CASE NO. 1:06-CV-1747 OWW GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO STRIKE ANSWER AND ENTER DEFENDANT'S DEFAULT BE GRANTED |
| v. | |
| JOHN MARTURANO, an individual, d/b/a/ J & T COMPUTERS & PARTS, | (Docs. 18 &19) |
| Defendant. | |

## I. Introduction

On December 4, 2006, Microsoft Corporation ("Plaintiff"), filed a Complaint to recover damages arising from alleged infringement of Microsoft's copyrights and trademarks of its software and related components by the Defendant, John Marturano ("Defendant"). (Doc. #2). Plaintiff alleges that Defendant distributed counterfeit and infringing Microsoft software and components, despite Microsoft's requests that Defendant cease and desist from this conduct. Based on the above, Plaintiffs filed the instant action alleging copyright infringement (first claim), federal trademark infringement (second claim), false designation of origin and false description and representation of Microsoft packaging (third claim), unfair labor competition (fourth claim), imposition of constructive trust upon illegal profits, (fifth claim), and accounting (sixth claim). Accordingly, Plaintiff seeks damages, or in the alternative, enhanced statutory damages for willful infringement of Microsoft's copyrights, an accounting, the imposition of a constructive trust upon Defendant's profits, injunctive relief, and costs.

1    On January 8, 2007, Defendant, proceeding in pro se, timely filed an Answer.[1] (Doc. #8). 19). On November 2, 2007, Plaintiffs filed a motion to strike Defendant's Answer and enter default. (Doc. #18, 19 and 20). Plaintiff is seeking entry of default pursuant to Local-Rule 83-183 et seq. and Local Rule 11-110 because Defendant failed to keep Plaintiff and the Court apprised of his address. As a result, Plaintiff alleges defendant abandoned his case and violated court rules.

The Defendant did not file an opposition to this motion. A hearing was held on December 7, 2007. The Defendant did not appear. The court has considered the Plaintiff's arguments, as well as the documents in this case and issues the following findings and recommendations.

## II. Defendant's Failure To Keep Court Apprised of His Address

There has been a significant history of the Defendant failing to keep the court apprised of his address throughout this case. The first address Defendant filed with the Court was 1228 W. Shields Avenue, Fresno, California 93705 (hereinafter, "1228 W. Shields Ave. address"). Plaintiff was unable to reach Defendant at that address to complete a Joint Scheduling Report in March 2007, however, Defendant did appear at a Scheduling Conference on April 11, 2007, before the Honorable Oliver Wanger.

Defendant provided a new address of 1208 Shields Avenue, Fresno California 93705 (hereinafter, "the 1208 W. Shields Ave. address") at the time of the Scheduling Conference. This is Defendant's address currently on file with the Court. After the Scheduling Order was served on April 13, 2007, all attempts made by Plaintiff and the Court to communicate with the Defendant have been unsuccessful. A more detailed chronology is as follows :

On February 27, 2007, the Court issued an order reassigning this case to another judge. This order was served on Defendant at the 1228 W. Shields Ave. address, but was returned as unable to forward on March 5, 2007. (Docs #9 & 10).

On March 28, 2007, Plaintiff tried to contact Defendant to prepare the parties' Joint Scheduling Conference Report. Plaintiff sent a letter to Defendant to the 1228 W. Shields Ave. address and it was returned as undeliverable. See, Declaration of Jennifer Chiarelli in Support of

---

[1] On December 22, 2006, the parties stipulated that Defendant could file an Answer or otherwise respond to Plaintiff's Complaint on January 8, 2007.

2

1  Plaintiff's Motion to Strike Answer and Enter Default (hereinafter, "Plaintiff's Declaration") at pg.
2  2 and Exhibit B.

3      Both parties appeared at a Scheduling Conference before the Honorable Oliver W. Wanger
4  on April 22, 2007. A Scheduling Order was issued requiring that discovery was due on November
5  7, 2007. (Doc. # 13). This order stated that "failure to abide by this order may result in the
6  imposition of sanctions." Doc. 13 at pg. 8, lines 23-24. This Order was served on Defendant at the
7  1208 Shields Ave. address and was not returned to the Court.

8      On July 10, 2007, Plaintiff served Mr. Marturano with initial disclosures, interrogatories,
9  and requests for productions of documents at the 1228 W. Shields Avenue address. See, Plaintiff's
10 Declaration at pg.2; and Ex. C. These documents were returned as undeliverable. Id. Plaintiff also
11 mailed the request to the 1208 Shields Avenue address that was obtained from the Defendant at the
12 Scheduling Conference. Id. The documents were returned to Plaintiff with a notification that the
13 Defendant had moved and left no forwarding address. Id.

14     On August 10, 2007, Plaintiffs mailed a copy of Plaintiff's Disclosure pursuant to Federal
15 Rule 26(a)(2)(B) to the two addresses provided by the Defendant. All documents were returned as
16 undeliverable. Plaintiff's Declaration at pg. 3; and Ex. D.

17     On October 12, 2007, the Court served another Order reassigning the case to another judge
18 on the Defendant at the 1208 West Shields address. (Doc. #14). This mail was returned on October
19 23, 2007, and indicated that Defendant had moved and left no forwarding address. (Doc. #16).

20     The Court issued a Minute Order on October 16, 2007, which was served on the Defendant
21 at the 1208 W. Shields Avenue address. (Doc. #15). This Order was returned as undeliverable
22 indicating that the Defendant had moved and left no forwarding address. (Doc. #17).

23     The Court also issued two Minute Orders on November 8, 2007, rescheduling the settlement
24 conference in light of Plaintiff's motion, and moving the motions hearing. These orders were served
25 on the Defendant at 1208 W. Shields Ave. address. (Docs. # 22 & 23). Both Notices were returned
26 indicating that the Defendant had moved and left no address on November 16, 2007. (Doc. 25 & 26).

27     On December 7, 2007, a hearing on the instant motion was held. The Defendant did not file
28 an opposition to the motion and did not appear at the hearing. During the hearing, the Court took

a short recess and requested that Plaintiff's counsel call the Defendant at 559-458-3013, which is the Defendant's last known phone number. Counsel filed a declaration indicating that she had called the phone number during the recess, and received a message that the phone number was no longer in service. Declaration of Katherine M. Dugdale at pg. 2. (Doc. #27). Further, counsel indicated that she checked an internet website www.yellowpages.com. She accessed a search engine entitled "Find a Person." Id. There were no listings for John Marturano in either Fresno or the State of California. Id.

Finally, on December 7, 2007, after the hearing, the Court attempted to serve the Defendant with the Minutes of the hearing at the 1208 W. Shields Ave. address. (Doc. 29). This correspondence was returned to the Court on December 14, 2007, indicating that Defendant had moved and left no forwarding address. (Doc. 20).

**III. Discussion**

    **A**. **Local Rules**

Local Rule 83-183(a) requires the following:

> Any individual representing himself of herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by the local Rules of the Court. All obligations placed on "counsel" by the Local Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate.

Local Rule 83-183(b) further provides that a party, appearing in propria person shall keep the Court and opposing parties advised as to his or her current address.[2]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate default or dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash Railroad Co. 370 U.S. 626 (1961).

---

[2] The rule also provides that if mail directed to a plaintiff in propria persona by the clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

It is well established that a court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53. While the test outlined above deals with dismissal of an action, it appears the same test would apply to entry of default against a defendant.

**B. Available Sanctions**

The Local Rules advised Defendant of his obligation to keep the Court apprised of his address and that failure to do so may result in judgment by default or any other sanction deemed appropriate. Local Rule 82-183.  He was also advised that failure to abide by Judge Wanger's Scheduling Conference Order which outlined the parties' discovery obligations may result in the imposition of sanctions.  It appears that Defendant has abandoned his case. Having considered all of the factors listed above, sanctions are appropriate.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. The court may act on its own or on motion made by the party either before responding to the pleading, or if a response is not allowed within 20 days after being served with the pleading.

5

1   Although Rule 12(f) requires that the parties file a motion within 20 days of the answer, Rule 12(f)
2   specifically authorizes the Court to strike a pleading or any portion thereof, on its own motion, at any
3   time. Id. Moreover, Rule 55(a) of the Federal Rules of Civil Procedure provides that when a party
4   against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and
5   that failure is shown by affidavit or otherwise, the clerk must enter the party's default**.** (Emphasis
6   added).

7        The Court is aware that default judgments are ordinarily disfavored in the Ninth Circuit and
8   that cases should be decided on the merits whenever possible.  Gibson v. Household International,
9   151 Fed. Appx. 529 (9th Cir. 2005), (citing Eitel v. McCool, 782 F. 2d 1470, 1472 (9th Cir. 1986));
10  Patapoff v. Vollstedt's Inc., 267 F. 2d 863, 865 (9th Cir. 1959).   The Court is also cognizant of the
11  fact that courts must construe pro se filings liberally and that Courts have a duty to ensure that pro
12  se litigants do not lose their right to a hearing on their claim due to ignorance of technical procedural
13  requirements. Balisteri v. Pacifica Police Department, 901 F. 2d 696, 699 (9th Cir. 1990); Borzeka
14  v. Heckler, 739 F. 2d 444, 447 n. 2 (9th Cir. 1984).  However, in this case, Defendant has failed to
15  defend this action as evidenced by his failure to file any pleadings other than an Answer.  He has not
16  kept the Court apprised of his address and he has had no contact with opposing counsel for
17  approximately five months.  Five court orders sent to the Defendant have been returned since
18  October 2007.  As a result, Plaintiff has been unable to complete the discovery process and have
19  been significantly prejudiced.

20       The Court considered the imposition of lesser sanctions, including issuing an Order to Show
21  Cause (hereinafter, "OSC") warning the Defendant that default would be entered if he fails to
22  comply with Court orders.  However, the Court determined that issuance of an OSC would be futile
23  given that Defendant has not received a Court order since October 2007.  Moreover, Defendant's last
24  known phone number has been disconnected, so it is impossible for the Court to obtain a new
25  address for the Defendant.  In light of the above, striking Defendant's Answer and entry of default
26  is the most appropriate sanction.  See, Employee Painters' Trust v. Ethan Enterprises, Inc. 480 F. 2d
27  993 (9th Cir. 2007) (upholding denial of motion to vacate default judgment when the defendant failed
28  to file an answer due to its failure to keep the court apprised of an updated address pursuant to local

rules); <u>Pena v. Seguros La Commercial, S.A.</u>, 770 F, 2d 811 (9th Cir. 1985). (Upholding Court's refusal to set aside default judgment when defendant insurance company was not served with a Complaint because it failed to comply with state law requiring insurance companies to keep the Department of Insurance apprised of correct address). Accordingly, the Court recommends the following:

    1.     Plaintiff's motion to strike Defendant's Answer and enter default is GRANTED;

    2.     Defendant John Marturano, an individual d/b/a J & T Computers & Parts' Answer is hereby STRICKEN;

    3.     The Clerk of the Court is directed to enter default in favor of Microsoft Corporation and against Defendant John Marturano an individual d/b/a J & T Computers & Parts.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   <u>**December 27, 2007**</u>       <u>  **/s/ Gary S. Austin**  </u>
                                                           UNITED STATES MAGISTRATE JUDGE