# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MARTURANO, an individual,<br>d/b/a J & T COMPUTERS AND PARTS,<br><br>Defendants. | 1:06cv1747 OWW GSA<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO SET ASIDE DEFAULT<br><br>(Document 44) |

Defendant John Marturano ("Defendant") filed the instant Motion to Set Aside Default on May 8, 2008. The matter was heard on June 27, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge. Jennifer Chiarelli appeared on behalf of Plaintiff Microsoft ("Plaintiff"). Defendant John Marturano d/b/a J & T Computers and Parts, appeared pro se. Having considered all written materials submitted and the arguments, the court recommends that the motion be granted.

## **PROCEDURAL HISTORY AND BACKGROUND**

On December 4, 2006, Microsoft Corporation ("Plaintiff"), filed a Complaint to recover damages arising from alleged infringement of Microsoft's copyrights and trademarks of its software and related components by the Defendant. Doc. 2. Plaintiff alleges that Defendant distributed counterfeit and infringing Microsoft software and components despite Microsoft's

1

requests that Defendant cease and desist from this conduct. Based on the above, Plaintiff filed the instant action alleging copyright infringement (first claim), federal trademark infringement (second claim), false designation of origin and false description and representation of Microsoft packaging (third claim), unfair labor competition (fourth claim), imposition of constructive trust upon illegal profits, (fifth claim), and accounting (sixth claim).

On January 8, 2007, Defendant, proceeding pro se, timely filed an Answer.[1] Docs. 7 and 8. Plaintiff was unable to reach Defendant at the address he provided to complete a Joint Scheduling Report in March 2007. Defendant, however, did appear at a Scheduling Conference on April 11, 2007, before the Honorable Oliver Wanger.

On July 10, 2007, Plaintiff served Mr. Marturano with initial disclosures, interrogatories, and requests for productions of documents, but all the discovery requests were returned due to an undeliverable address. After repeated attempts were made to locate the Defendant, Plaintiff filed a Motion to Strike Defendant's Answer and Enter Default on November 2, 2007. Docs. 18, 19, and 20. Attempts to contact the Defendant made by Plaintiff or the court were unsuccessful from July 2007 until December 2007. Defendant did not file an opposition to Plaintiff's motion. A hearing on the motion was held on December 7, 2007. Defendant did not appear. This court issued Findings and Recommendations that Defendant's Answer be stricken and default be entered against him. Doc. 30. Theses Finding and Recommendations were adopted by the Honorable Oliver Wanger on February 6, 2008. Doc. 35. Default was entered on February 6, 2008. Doc. 35.

Plaintiff filed a Motion for Default Judgment and Permanent Injunction on March 11, 2008. Defendant did not file an opposition, however, Defendant personally appeared at the hearing on April 11, 2008. The court denied Plaintiff's Motion for Default Judgment and Preliminary Injunction without prejudice and instructed Defendant that he may file a Motion to Set Aside the Default. Doc. 42. Defendant filed the instant motion on May 5, 2008. Plaintiff filed its opposition to the motion on June 16, 2008.

---

[1] On December 22, 2006, the parties stipulated that Defendant could file an Answer or otherwise respond to Plaintiff's Complaint on January 8, 2007.

## FACTS

According to the Complaint, Microsoft notified Defendant by letter dated April 17, 2002, that he had distributed counterfeit Microsoft software. Microsoft requested that Defendant stop the infringing activity. In or about August 2006, Defendant distributed counterfeit and infringing Windows XP Pro to an investigator.[2] Compl. at ¶ 12. Microsoft alleges that this willful infringement was not an isolated incident, but rather is part of a continuous and ongoing business practice of Defendant in blatant violation of Microsoft's copyrights and trademarks. Id. at ¶ 13. Specifically, Defendant has been and continues to be involved in advertising, marketing, installing, and/or distributing infringing copies of Microsoft's software to unidentified persons or entities. Id. Plaintiff further alleges that the wrongful conduct includes the advertising, marketing, installing, and/or distribution of "infringing materials," specifically, reproductions, copies, or colorable imitations of the Microsoft copyrighted software and/or the Microsoft trademarks, logos, and service mark of Window XP Pro. Id. at ¶ 14.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside the entry of default for good cause. Fed. R. Civ. P. 55(c). Because of the parallels that exist between granting relief from entry of default and judgment on default, a court should consider the list of the factors used to set aside a default judgment under Rule 60. Hawaii v. Carpenter's Trust Fund v. Stone, 794 F. 2d 508, 513 (9th Cir. 1986) (citing 10 C. Wright, A. Miller, & M Kane, Federal Practice & Procedure § 2697 (1983)( "Wright & Miller"); see also, Feliciano v. Reliant Tooling Co., 691 F. 2d 653, 656 (3d Cir. 1982)(explaining that the same factors that constitute "good cause" under Rule 55(c) govern the lifting of default judgments under Rule 60(b)).

Federal Rule of Civil Procedure 60(b), in relevant section, grants district courts discretion to relieve a party from a default judgment or order for reason of mistake, inadvertence, surprise or excusable neglect. When a default is challenged on the grounds of excusable neglect, three

---

[2] Windows XP pro is an operating system for desktop and laptop systems. It preforms a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP Pro desktops from network connections.

factors inform the court's exercise of discretion: 1) whether there was some culpable conduct by a defendant which led to the default; 2) whether a plaintiff would be unduly prejudiced by a set-aside, and 3) whether a defendant can present a meritorious defense to a claim. TCI Group Life Insurance Plan v, Knoebber, 244 F. 3d 691, 696 (9th Cir. 2001); see also Falk v. Allen, 739 F. 2d 461, 463 (9th Cir. 1984) (per curiam). These Rule 60(b) grounds are liberally interpreted when applied to a motion to set aside entry of default. TCI Group Life Ins. Plan v. Knoebber, 244 F. 3d at 696; see also, Hawaii v. Carpenter's Trust Fund v. Stone, 794 F. 2d at 513( "The standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default."). Furthermore, in general, default judgments are appropriate only in extreme circumstances and whenever possible, a case should be decided on the merits. TCI Group Life Insurance Plan v. Knoebber, 244 F. 3d at 696 (citing, Falk v. Allen, 739 F. 2d at 463). "Put another way, where there has been no merits decision, the appropriate exercise of district court discretion ... requires that the finality of interests should give way fairly readily, to further the competing interests in reaching the merits of a dispute." TCI Group Life Plan v. Knoebber, 244 F. 3d at 696; see also, United Coin Meter Co. F. Seaboard Coastline Railroad, 705 F. 2d 839, 846 (6th Cir. 1983). ("Any doubt should be resolved in favor of the petition to set aside judgment so that cases may be decided on the merits.")

       1. *Culpable Conduct*

       Culpable conduct is established when conduct is willful, deliberate, or where there is evidence of bad faith. TCI Group Life Plan v. Knoebber, 244 F 3d. at 697. If a defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process it is not necessarily, although it may be, culpable or excusable. See, TCI Group Life Ins. Plan v. Knoebber, 244 F. 3d at 697-698.

       Defendant's motion did not articulate any reasons for his failure to keep the court apprised of his address. However, at the hearing, Defendant indicated that his lack of participation in this litigation was due to health concerns and his relocation. Specifically, Defendant suffered from a hernia in July 2007 and frequented the hospital over the next several

months. At the same time, Defendant was living in numerous residences due to the loss of his home which occurred in January 2008. Beginning January 2008, Defendant had been living with friends or family members, and only recently obtained a permanent address. His failure to keep the court apprised of his address was due to the stress of his medical condition as well as the loss of his home. Given these circumstances, the court finds that Defendant's actions were not willful, deliberate or motivated by bad faith.

2. *Meritorious Defense*

A defendant seeking to vacate a default must present specific facts that would constitute a defense. However, the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. TCI v. Group Life Ins. Plan v. Knoebber, 244 F. 3d at 700 (citations omitted).

The Copyright Act gives the copyright owner the exclusive right to reproduce a copyrighted work and to distribute copies of the work. See 17 U.S.C. § 106(1)-(3). In a copyright action, to establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying or the distribution of unauthorized copies by the defendant. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); Lamps Plus., Inc., v. Seattle Lighting Fixture Co., 345 F. 3d 1140, 1443-44 (9th Cir. 2003). Liability for trademark infringement is established when a defendant uses the trademark of another without the authority of the trademark owner. See, Sega Enterprises, Ltd. v. Maphia, 948 F. Supp. 923, 936 (N.D. Cal. 1996).

The Supreme Court has made it clear that pleadings of pro se litigants are to be held to less rigorous standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Furthermore, pro se filings should be construed liberally and courts have a duty to ensure that pro se litigants do not lose their right to a hearing on their claim due to ignorance of technical procedural requirements. Balisteri v. Pacifica Police Department, 901 F. 2d 696, 699 (9th Cir. 1990); Borzeka v. Heckler, 739 F. 2d 444, 447 n. 2 (9th Cir. 1984); Cripps v. Life Ins. Co. of North America, 980 F. 2d 1261, 1268 (9th Cir. 1992)(Default judgment vacated in part due to pro se status of Plainitff and unfamiliarity with court procedures).

Here, Defendant states that he has "never counterfeited anything in his life" and that he purchased the Microsoft items from retail stores or over the internet. Defendant's Motion at pg. 1. He alleges that he has all the receipts from his purchases and that the software he purchased came with a number and letter product key that is needed to complete the windows installation. Id. Although Microsoft has argued that it need not establish that Defendant was personally involved in the manufacture or creation of counterfeit Microsoft software in order to prevail on its claims, it must be established that Defendant distributed the materials and that the distribution was unauthorized. It appears Defendant is arguing that he did not distribute unauthorized materials. Microsoft argues that liability is established by virtue of the fact that Defendant distributed counterfeit and infringing software to its investigator. However, whether the materials were in fact sent to the investigator and whether their distribution was authorized is a factual issue to be resolved by a trier-of-fact. Thus, Defendant has put forth a meritorious defense.

### 3. *Prejudice to the Plaintiff*

"To be prejudicial, the setting aside of a default or default judgment must result in greater harm than simply delaying the resolution of this case. Rather, the standard is whether Plaintiff's claim will be hindered." TCI Group Life Ins. Plan v. Knoebber, 244 F. 3d at 701. To be considered prejudicial, " the delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." TCI Group Life Ins. Plan v. Knoebber, 244 F. 3d at 701 (citing Thompson v. American Home Assurance Co., 95 F. 3d 429, 433-434 (6th Cir. 1996)).

Plaintiff contends it is prejudiced because Defendant's actions allowed him more time to conceal or destroy evidence, and that the delay will make it more difficult to locate prior employees or vendors. However, the court is unpersuaded by this argument since Microsoft sent Defendant a cease and desist letter in 2002. Thus, it knew, or at least suspected Defendant's alleged misconduct at that time. Microsoft waited until 2006, almost four years after it became aware of Defendant's alleged unlawful activities, to conclude its investigation.

Furthermore, the Complaint was filed in December 2006. Plaintiff did not send out discovery requests until July 2007. Thus, Defendant already had a lengthy period of time to destroy evidence if he were inclined to do so. Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to deny a motion to set aside a default judgment. TCI Group Life Ins. Plan v. Knoebber, 244 F. 3d at 701 ("Since default judgment is a windfall for the plaintiff, vacating default judgment merely restores the parties to an even footing in the litigation."). Finally, Microsoft's argument that Defendant may abandon his lawsuit in the future is also unpersuasive. The court will not penalize Defendant for actions that Plaintiff speculates that Defendant may or may not take in the future.

Defendant is appearing pro se in this case. While it is true that he did not keep Plaintiff or the court apprised of his address from July 2007 until April 2008, he did in fact make several appearances including filing an Answer, attending a scheduling conference, and appearing at the hearing on the motion for default judgment. He indicated that his failure to keep the court apprised of his address was due to medical reasons and the loss of his home during the period in question. In light of the above, it would be unjust to deny Defendant's Motion to Set Aside Default. However, Given the history of this case, **Defendant is advised that future failures to participate in this litigation will be looked upon with disfavor. Defendant shall keep the court apprised of his address, attend all hearings, and respond to all pleadings when appropriate. Failure to do so may result in default or default judgment being entered against him.**

Based on the above, it is therefore ORDERED that:

1. Defendant's motion to set aside default is GRANTED;
2. The default entered on February 6, 2008 (Doc. 35), is SET ASIDE;
3. The Findings and Recommendations issued on December 27, 2007, (Doc. 30), recommending default be entered and that Defendant's Answer be stricken are VACATED; and

4. Both parties shall attend a scheduling conference which is set for July 24, 2008, at 8:15 a.m., in Courtroom 3, before the Honorable Oliver W. Wanger so that new discovery deadlines and other dates may be set.

IT IS SO ORDERED.

**Dated:** **July 1, 2008**        /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE