# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, | CASE NO. 1:06-CV-1747 OWW GSA |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER |
| v. | ORDER ENTERING DEFENDANT'S DEFAULT |
| JOHN MARTURANO, an individual, d/b/a/ J & T COMPUTERS & PARTS, | (Docs. 52 and 54) |
| Defendant. _____/ | |

## I. Introduction

Pending before the court is Microsoft Corporation's ("Plaintiff") motion filed on February 10, 2009 to strike John Maturano's ("Defendant") Answer and enter default based on Defendant's failure to participate in discovery. Alternatively, Plaintiff seeks an order compelling discovery. Defendant did not file an opposition to the motion. A hearing was held on March 6, 2009. Jennifer Chiarelli appeared telephonically on behalf of the Plaintiff. Defendant personally appeared pro se. Having considered all of the filings and arguments in this matter, Plaintiff's Motion to Strike Defendant's Answer is GRANTED. Defendant's Answer shall be stricken and default shall be entered against Defendant.

1

## II. Procedural History

On December 4, 2006, Plaintiff filed a Complaint to recover damages arising from alleged infringement of Microsoft's copyrights and trademarks of its software and related components by the Defendant (Doc. 2). Plaintiff alleges that Defendant distributed counterfeit and infringing Microsoft software and components, despite Microsoft's requests that Defendant cease and desist from this conduct. On January 8, 2007, Defendant, proceeding in pro se, timely filed an Answer.[1] (Doc. 8). On November 2, 2007, Plaintiff filed a Motion to Strike Defendant's Answer and Enter Default because Defendant had ceased participating in the litigation. The basis of the motion was that Defendant had failed to keep Plaintiff and the court apprised of his address for approximately five months. (Docs. 18, 19, and 20). On December 27, 2007, this court issued Findings and Recommendation recommending that Plaintiff's motion be granted. (Doc. 30).[2] On February 6, 2008, the Findings and Recommendation was adopted by United States District Court Judge Oliver W. Wanger. (Doc. 35). Defendant's Answer was stricken and default was entered on February 6, 2008. (Doc. 36).

On March 11, 2008, Microsoft filed a motion for default judgment and permanent injunction against Defendant. (Doc. 39). Defendant did not file an opposition to the motion, however, he did appear at the April 11, 2008 hearing. This court denied Microsoft's motion for default without prejudice and informed Defendant that he could file a motion to set aside the entry of default. (Doc. 42). On May 8, 2008, Defendant, appearing pro se, filed a motion to set aside the entry of default. (Doc. 44). The court held a hearing on June 27, 2008, and thereafter granted Defendant's motion to set aside. The court vacated the findings and recommendation issued on December 27, 2007. (Doc. 47).

On July 24, 2008, a scheduling conference was held before the Honorable Oliver W. Wanger and both parties appeared. (Doc. 51). The scheduling conference order required that all initial disclosures be made by August 25, 2008, and that all discovery by completed by January 30, 2009.

---

[1] On December 22, 2006, the parties stipulated that Defendant could file an Answer or otherwise respond to Plaintiff's Complaint on January 8, 2007.

[2] The complete history of Defendant's failure to provide the court with his address is outlined in this Findings and Recommendation.

After the filing of instant motion on February 10, 2009, a settlement conference was held on February 19, 2009 before this court. Plaintiff was represented by Jennifer Chiarelli via telephone, and Defendant did not appear. On March 2, 2009, Plaintiff subsequently filed a memorandum and supplemental declaration in support of its motion.

On March 5, 2009, Plaintiff filed an ex parte application to continue pretrial and trial dates. (Doc. 57). Plaintiff had attempted to contact Defendant on March 3, 2009 via voicemail and by letter regarding the ex parte application. Declaration of Jennifer N. Chiarelli dated February 5, 2009 at ¶ 6 ("Chiarelli Declaration") (Doc. 55-2). On March 4, 2009, Ms. Chiarelli received a voicemail from Defendant indicating that he did not oppose a continuance and that he had received Microsoft's discovery requests and the motion to strike his answer. Defendant informed Ms. Chiarelli that he intended on appearing at the hearing on March 6, 2009 before this court.

## A.    *The Discovery Violations*

Plaintiff has not received Defendant's initial disclosures. Declaration of Jennifer N. Chiarelli dated February 10, 2009 at ¶ 7 ("Chiarelli Declaration") (Doc. 52-3). In addition, on November 7, 2008, Microsoft served Defendant with its first set of interrogatories and first set of requests for production of documents ("written discovery requests"). Chiarelli Declaration at ¶ 2 and Exhibit A. (Doc. 52-3). Defendant has not replied to Plaintiff's written discovery requests. In January 2009, Plaintiff's counsel attempted to contact Defendant numerous times via telephone and left voicemail messages to discuss the failure to respond, as well as to inform Defendant that Plaintiff would be noticing his deposition. Chiarelli Declaration at ¶ 3. Defendant did not respond to the messages. *Id*.

Finally, on January 15, 2009, Plaintiff noticed Defendant's deposition for January 27, 2009. Chiarelli Declaration at ¶ 4 and Exhibit B. Defendant did not appear for his deposition. Chiarelli Declaration at ¶ 5 and Exhibit C. By letter dated February 9, 2009, Plaintiff's counsel informed Defendant of her desire to meet and confer regarding the discovery dispute. Chiarelli Declaration at ¶ 6 and Exhibit D. Defendant had not contacted Plaintiff's counsel regarding his initial disclosures, the written discovery requests, or the February 9, 2009 letter. Supplemental Declaration of Jennifer N. Chiarelli dated March 2, 2009 at ¶¶ 3 and 4. (Doc. 54-1). Plaintiff's counsel informed

3

the court that she has had no contact with Defendant since the scheduling conference in July 2008.

At the hearing, Defendant acknowledged that he had received all of Plaintiff's written discovery requests, but stated that he never received any voicemails from Plaintiff's counsel regarding the discovery. Defendant confirmed that he had not replied to the requests and indicated that his noncompliance was due to the fact that the requests were numerous and he was still going through the materials. He thought that he had until March 13, 2009 to respond to them.[3] When asked why he did not attend the settlement conference, Defendant indicated that he was confused regarding the dates - because the dates in the heading of the scheduling order were not chronological, he thought that the settlement conference was in March 2009 rather than on February 19, 2009. With regard to his failure to attend the deposition, Defendant indicated that he never received voicemails from counsel reminding him of the deposition.

### B.    *Remedies requested:*

In light of the above discovery abuses, Plaintiff asks for the following remedies:

1.    An order striking Defendant's Answer and entering default; or alternatively

2.    That Defendant provide initial disclosures, full answers to Plaintiff's interrogatories, responses to Microsoft's requests for production, and produce all responsive documents no later than march 9, 2009. Plaintiff also requests that Defendant be ordered to appear for his deposition no later than March 11, 2009.

## III. Analysis and Discussion

### A.    *Scope Of Discovery*

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be

---

[3] March 13, 2009 was the dispositive motion deadline which was set forth in the scheduling order dated July 28, 2008. (Doc. 51).

allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Plaintiff was served with various forms of written discovery which are authorized by the Federal Code of Civil Procedure on Defendant.  Fed. R. Civil P.  Rule 33 (interrogatories) and Rule 34 (inspection and copying of documents).  On January 15, 2009, Plaintiff also properly served Defendant with a Notice of Deposition.  Fed.  R. of Civil P.  30(a) & (b).   The Notice scheduled Defendant's deposition for January 27, 2009.  Plaintiff did not receive responses to any of its discovery requests and Defendant did not appear to for his deposition.  Defendant has also failed to provide initial disclosures pursuant to Fed. R. Civ. Proc. 26(a).

## B. Discovery Sanctions

### 1. Failure to Respond Sanctions

If a party fails to appear for a properly noticed deposition, or to respond to properly noticed interrogatories or requests for production, sanctions may be imposed even in the absence of a prior court order.  Fed.R.Civ.P 37(d)(1)(A)(i) and (ii);  *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1993) (upholding dismissal of the case for Henry's multiple discovery abuses, including failure to appear at his deposition); *Minn. Mining & Mfg. Co v. Eco Chem, Inc.*, 757 F. 2d 1256 (Fed. Cir. 1982)(upholding default judgment entered for failing to serve answers to interrogatories without first issuing an order compelling defendant to answer the interrogatories); *Sigliano v. Mendoza*, 642 F. 2d 309, 310 (9th Cir. 1981)(stating sanctions including dismissal, may issue for a complete or serious failure to respond to discovery, such as a failure to appear for a deposition, even absent a court order compelling discovery).  Similarly, under Rule 37(c), a party may be sanctioned for failing to provide initial disclosures as required by Rule 26(a).  Fed.R.Civ.P 37(c).

For a party's failure to respond to discovery, Rule 37 (c) and (d) authorizes the court to take action including:

1.   Designating facts as established;

2.   Refusing to allow the disobedient party to support or oppose designated claims;

3.   Prohibiting the disobedient party from introducing designated matters in evidence;

4. Striking out pleadings in whole or in part;

5. Staying further proceedings until an order is obeyed;

6. Dismissing an action, proceeding or any part thereof; or

7. Rendering judgment by default against the disobedient party.

8. Treating as contempt of the court the failure to obey any order except an order to submit to a physical or mental exam.

Fed.R.Civ.P. 37 and (c) and (d) (cross referencing sanctions identified in Rule 37(b)(2) (A) (i-vii).

### 2. *Sanctions are warranted*

Sanctions are warranted in this case for Defendant's failure to comply with court orders and his noncompliance with the discovery process. Defendant has been given several opportunities to litigate this case. After failing to keep the court and opposing counsel apprised of his address for several months, this court stuck Defendant's Answer and entered default. Subsequently, default was set aside. In the order setting aside default, Defendant was explicitly advised that, "**[f]uture failures to participate in this litigation will be looked upon with disfavor. Defendant shall keep the court apprised of his address, attend all hearings, and respond to all pleadings when appropriate. Failure to do so may result in default or default judgment being entered against him**." (Emphasis in original) (Doc. 47). Additionally, the scheduling conference order informed Defendant that, "[f]ailure to comply with this order may result in the imposition of sanctions." (Doc. 51).

Here, Defendant has not provided initial disclosures and he has failed to respond to discovery including properly noticed interrogatories, document production requests, and he did not attend his deposition. Additionally, he has also violated court orders by failing to attend a settlement conference, and by failing to file a written opposition to Plaintiff's motion. Defendant seems to be under the mistaken belief that he can make an appearance just prior to the entry of an adverse ruling against him without participating in the litigation process. This is not the case.

Although this court previously set aside default, Defendant was informed that failure to participate in the litigation would be looked upon with disfavor and may result in the entry of default. Defendant's recent explanations for his failure to participate in the discovery process are not

6

compelling. The discovery deadlines and the settlement conference dates were clearly set forth in the heading and the body of the Scheduling Conference Order. Additionally, although Defendant alleges that he never received the voicemail messages opposing counsel left for him, she also sent a letter dated February 2, 2009 in an effort to resolve the discovery dispute. Defendant never contacted Plaintiff. Finally, the deposition notice was sent to the address that Defendant provided to the court as his last known address. (Doc. 52-4, Exhibit B). Plaintiff is entitled to an award of sanctions given Defendant's history of abandoning his case and his most recent failures to comply.

Plaintiff asks for an order striking Defendants' Answer and entering default. In deciding whether default is proper, courts consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy in favor of disposing of cases on their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997); *Adriana Int'l Corp. v. Thoeren*, 913 F. 2d 1406 (9th Cir. 1990) *(quoting Malone v. U.S. Postal Service*, 833 F. 2d 128, 130 (9th Cir. 1981).

The first factor, the public's interest in the expeditious resolution of the litigation is satisfied. This case was filed in December 2006 and the case has not moved forward since the time it was filed. The court sees no end in sight for this matter unless a terminating sanction is imposed.

The second factor, the court's need to manage its docket is also met. Defendant has clearly demonstrated his refusal to comply with Plaintiff's discovery requests. Additionally, given Defendant's history of abandoning this case, he has clearly frustrated the court's management of its docket.

The third factor, the risk of prejudice to the party seeking the sanctions is also satisfied. Defendant's refusal to participate in the discovery process has unnecessarily continued the duration of this case. As a result, Plaintiff's cost of this litigation has increased. Additionally, Plaintiff has been prevented from investigating its claims because its attempts to obtain discovery from Defendant for over two years have been frustrated.

The fourth factor, the public policy favoring the disposition of cases on the merits is also met. While the public's interest certainly favors resolution of cases on the merits, the public has an equal,

if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice.

Finally, by previously setting aside default, the court has employed less drastic sanctions. The court has given Defendant every opportunity to litigate this case. Despite being given these chances, Defendant again has failed to participate in this litigation. Under theses circumstances, this court cannot fashion any lesser sanction, short of striking Defendants' answer and entering default against him, that will address Defendant's behavior.

"A district court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Jorgensen v. Cassiday*, 320 F. 3d 906 (9th Cir. 2003) (*quoting, Hyde & Drath v. Baker*, 24 F. 3d 1162, 1167 (9th Cir. 1994); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F. 3d at 1167; *Fjelstad*, 762 F. 2d at 1341. A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1455 (1999); *see Ortiz-Rivera v. Municipal Government of Toa Alta*, 214 F.R.D. 51, 57 (D. P.R. 2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal).

Defendant's ongoing failure to take part in this litigation including his refusal to participate in the discovery process, his violations of the Federal Rules of Civil Procedure, as well as his inability to follow this court's Local Rules and orders demonstrates his actions are willful. Thus, his Answer should be stricken and default entered against him. Accordingly, the Court ORDERS the following:

1.  Plaintiff's Motion to Strike Defendant's Answer and Enter Default is GRANTED;

2.  Defendant John Marturano, an individual d/b/a J & T Computers & Parts' Answer is hereby STRICKEN (Doc. 8);

3.  The Clerk of the Court is directed to enter default in favor of Microsoft Corporation

and against Defendant John Marturano an individual d/b/a J & T Computers & Parts.

IT IS SO ORDERED.

Dated: __March 12, 2009__          _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE